Wanamaker, J.
 

 F. W. Widmer was found guilty in the municipal court of Alliance upon an affidavit charging him with “unlawfully discharging firearms within the corporate limits of the city of Alliance,” alleged to be in violation of Section 12635, General Code, which reads:
 

 “Whoever runs a horse, or shoots or fires a gun or pistol at a target within the limits of a municipal corporation, shall be fined not 'less than five dollars nor more than fifty dollars.”
 

 
 *237
 
 This is an old statute, enacted in 1831.
 

 The following facts appear from the state’s brief:
 

 “The plaintiff in error is the owner of a small tract of land within the corporate limits of the city of Alliance, Ohio, upon which place he ha.s attempted to raise goldfish by the construction of a number of artificial ponds. * * *
 

 “The evidence shows that plaintiff in error was troubled at times with kingfishers preying, as he claims, upon the goldfish which he was raising on his premises.”
 

 The evidence shows that when these kingfishers made an attack upon his ponds and the goldfish therein he would discharge his gun for the purpose of either killing the kingfishers or driving them away, with the object of saving his-property.
 

 Upon such a state of facts, was Widmer guilty of the violation of Section 12635, no matter how artfully or adroitly the affidavit was. drawn? Do such facts constitute an offense under that statute? The courts below all held that they do. This brings us to an examination of the statute. By common consent the first four words, “Whoever runs a horse,” drop out of consideration, and we have left the following: “Whoever shoots or fires a gun or pistol at a target within the limits of a municipal corporation.” If the language were “Whoever fires a gun or pistol at a target,” there would be no question as to the meaning. The gun must be aimed at a target. A “target” is so well understood that it is unnecessary to define it. It does not require a sportsman to determine that a
 
 *238
 
 target is a mark fixed, at which aim is taken with a gun or other weapon. No one would think of calling a bird flying in the air a target, and the statutes certainly had no such purpose. If a bird in the air could be held to be a target, then anything at which aim was taken would be a target, and the language “at a target” would be wholly unnecessary.
 

 It is a matter of rather common knowledge that in 1831, when this statute was enacted, horse racing and prize and practice shooting at targets were very common sports; the people from the rural districts, joining with the people of the towns and villages, would gather at stated intervals and have their contests. The Legislature, realizing the dangers from such sports within the municipality, made it an offense, compelling the parties that desired to indulge in these sports to go beyond the municipal limits, where the public would not be endangered by “horse racing” and “target shooting.”
 

 Now what are the limitations of the statute? First, so far as firearms are concerned there must be “a target.” Second. To commit the crime one must shoot a gun or fire a gun or pistol at such target.
 

 That this was the clear intention of the Legislature is obvious from the simple language it used. It is unnecessary and unprofitable to draw any hairline distinction between “shooting a gun at a target” and “firing a gun or pistol at a target.” They are in substance one and the same thing. The weapon must be a gun or pistol. It must be
 
 *239
 
 shot or fired at a target, and it must be within the limits of a municipal corporation.
 

 The original form of the statute, when first enacted, did not include the word “pistol.” The pertinent part then was:
 

 “If any person or persons shall shoot or fire a gun at a target within the limits of any recorded town plat in this state.”
 

 Would anybody claim that when the charge was “fire a gun,” the words “at a target” need not be added as qualifying the firing and the gun? Some things are so self-evident they neither admit or permit argument.
 

 If, now, the charge be in the words “shoot a gun,” instead of “fire a gun,” are not the same words “at a target” equally essential to constitute the offense? Can it be in common sense held that when you fire a gun it need be “at a target,” under the statute, but when you “shoot a gun” it need not be “at a target,” but may be any promiscuous shot, including defense of person, property, thieves, rattlesnakes, or birds, or animals of prey.
 

 Now, when the word “pistol”' was added, did that in any wise change the language or the meaning of the statute save and except that when a pistol is used it must conform to the same qualifications as a gun? There is entirely too much twist and technicality given to the statutes. If they are not complete, it is not the duty of this court to amend; that remedy remains in the Legislature.
 

 If the contention claimed by the state is sound, then the simple, straightforward statement in the
 
 *240
 
 statute to the effect that “whoever shoots a gun or pistol within the limits of a municipal corporation” is all the language needed, because it is all the language that is given popular or legal effect. The presumption is the Legislature put the words “at a target” in the statute to be applied in their usual and ordinary sense, and to qualify all that went before, just as in a statute relating to frauds, where the statute very often concludes “with intent to defraud,” which qualifies all that precedes it.
 

 Take for illustration the statute on receiving stolen property (Section 12450, General Code). The pertinent part reads:
 

 “Whoever buys, receives or conceals anything of value which has been stolen, taken by robbers, embezzled or obtained by false pretense, knowing it to have been stolen, taken by robbers,” etc.
 

 It is clear that this latter qualification modifies not only the words, “conceals anything of value,” a phrase immediately preceding it, but also qualifies the word “receives” and the word “buys.” It is quite unnecessary to repeat this qualifying phrase after each of the several words characterizing an act which is made criminal by the statute. So, here, in this case, it was unnecessary, when the words “or pistol” were inserted before the words “at a target” in the statute as it originally read to also insert the words “at a target” either after the word “gun” or after the word “shoot.”
 

 iSurely and sanely it must be admitted that “at a target” qualifies the word “pistol” immediately before it. With equal force and reason it must be conceded that it likewise qualifies the word
 
 *241
 
 “gun” before tbe words “or pistol.” But tbe gun or pistol in itself does not constitute an offense. It is the firing of tbe gun or pistol at a target that constitutes tbe offense. If tbe word “or” in “gun or pistol”' does not cut off tbe words “at a target” from qualifying, “gun,” then with even equal or greater' force tbe word “or” in “sboots or fires” does not cut off tbe words “at a target” from modifying “sboots,” any more than it cuts off tbe words “at a target” from the word “fires.” Common sense in tbe construction of statutes was never so much needed as today, whether it applies to tbe rights of tbe state or the defendant.
 

 It might be contended that tbe word “unlawfully” in tbe charge is broad enough to include tbe language “at a target.” For tbe purpose of argument let it be conceded, but that does not relieve the state from tbe obligation of proving by evidence tbe unlawfulness of the shooting, showing that it was at a target; and there is no proof whatsoever that tbe shooting was done at a target, unless a flying bird may, by strained, forced, and unnatural construction, be claimed to be a target, and no such contention is made by tbe minority.
 

 It appears that this section of tbe statute is under the bead of “Immoral Practices.” That in itself would suggest that there must be some species of criminality, immorality, or wrong contemplated by tbe statute to be prohibited.
 

 Upon tbe charge and tbe evidence, it clearly does not appear that any wrong, moral or legal, was committed by Widmer; that be was guilty of
 
 *242
 
 any offense against the laws of man or Glod. The judgments of the courts below are therefore reversed, and final judgment rendered in favor of the plaintiff in error.
 

 Judgment reversed and judgment for plaintiff in error,
 

 Marshall, C. J., Robinson, Matthias and Allen, JJ., concur.
 

 Jones and Day, JJ., dissent from proposition 3 of the syllabus and from the judgment.